IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

      Plaintiff,                              No. 2:12-cv-3053 EFB P

    vs.

TURNER,                                     ORDER AND
                                              FINDINGS AND RECOMMENDATIONS
      Defendant.
_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Before the court is plaintiff's complaint. Dckt. No. 1. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to § 1915A. Because plaintiff did not exhaust available administrative remedies prior to commencing this action, the court finds that this action must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003)

(stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

////

On his form complaint, plaintiff checked the boxes indicating that the administrative exhaustion process is available to him, but that he has not completed the process and has not even filed an inmate grievance, citing ADA and retaliation "issues." Dckt. No. 1 (Complaint) § II. Plaintiff appears to believe that exhaustion of administrative remedies is excused if his claims are based on the Americans with Disabilities Act or if he fears retaliation. Exhaustion, however, is mandatory, even if plaintiff's condition of confinement claim arises under the Americans with Disabilities Act. Plaintiff's apparent belief that filing an inmate grievance may lead to retaliation also does not excuse him from the exhaustion requirement. *See Booth* 532 US at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)). Plaintiff cites to no authority supporting his proposed exceptions to the mandatory exhaustion requirement. Moreover, the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at 1199). Given plaintiff's concession that he did not properly exhaust available administrative remedies, this action must be dismissed.[1] *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE