1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY C. BONTEMPS,

11          Plaintiff,                        No. 2:12-cv-3053 EFB P

12      vs.

13   TURNER,                                  ORDER AND
                                              FINDINGS AND RECOMMENDATIONS
14          Defendant.
                                    /
15

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Before the court is plaintiff's complaint.  Dckt. No. 1.  Pursuant to 28 U.S.C.

18   § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress

19   from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

20   1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or

21   any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim

22   upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

23   from such relief."  *Id.* § 1915A(b).

24          The court has reviewed plaintiff's complaint pursuant to § 1915A.  Because plaintiff did

25   not exhaust available administrative remedies prior to commencing this action, the court finds

26   that this action must be dismissed.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003)

1

1  (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an

2  action).

3      The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide

4  that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

5  title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

6  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

7  This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);

8  *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

9  making exhaustion a precondition to judgment, but it did not.  The actual statue makes

10  exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an

11  action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C.

12  § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050

13  (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before

14  filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to

15  exhaust.  *Id.* at 1051; *McKinney*, 311 F.3d 1198.  *See also Rhodes v. Robinson*, 621 F.3d 1002, at

16  *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new

17  claims raised in a supplemental complaint regarding conduct that occurred after the initial

18  complaint was filed).

19      California prisoners may appeal "any policy, decision, action, condition, or omission"

20  that the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code

21  Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three

22  levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

23  Regs. tit. 15, § 3084.7.  Administrative remedies generally are exhausted once a plaintiff has

24  received a "Director's Level Decision," or third level review, with respect to his issues or claims.

25  Cal. Code Regs. tit. 15, § 3084.1(b).

26  ////

1    On his form complaint, plaintiff checked the boxes indicating that the administrative

2  exhaustion process is available to him, but that he has not completed the process and has not

3  even filed an inmate grievance, citing ADA and retaliation "issues."  Dckt. No. 1 (Complaint)

4  § II.  Plaintiff appears to believe that exhaustion of administrative remedies is excused if his

5  claims are based on the Americans with Disabilities Act or if he fears retaliation.  Exhaustion,

6  however, is mandatory, even if plaintiff's condition of confinement claim arises under the

7  Americans with Disabilities Act.  Plaintiff's apparent belief that filing an inmate grievance may

8  lead to retaliation also does not excuse him from the exhaustion requirement.  *See Booth* 532 US

9  at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)).

10  Plaintiff cites to no authority supporting his proposed exceptions to the mandatory exhaustion

11  requirement.  Moreover, the "exhaustion requirement does not allow a prisoner to file a

12  complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative

13  remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at

14  1199).  Given plaintiff's concession that he did not properly exhaust available administrative

15  remedies, this action must be dismissed.[1]  *See Wyatt*, 315 F.3d at 1120.

16    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a

17  United States District Judge to this action.

18    Further, IT IS HEREBY RECOMMENDED that this action be dismissed without

19  prejudice for failure to exhaust administrative remedies prior to filing suit.

20    These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

25

26    [1]  Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion
of the prison grievance process.

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  February 12, 2013.

4  _____

5  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

4